IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES H. STENGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. |
| | ) | |
| THE DAVID ROUND COMPANY, an | ) | |
| Ohio corporation, and RUGER | ) | |
| INDUSTRIES, INC., an Ohio corporation, | ) | |
| a division of THE DAVID ROUND | ) | |
| COMPANY, an Ohio corporation, | ) | |
| | ) | |
| Defendants. | ) | **C O M P L A I N T** |

COUNT I

STRICT LIABILITY IN TORT
MANUFACTURING DEFECT

NOW COMES the Plaintiff, CHARLES H. STENGER, by his attorney, WILLIAM T.
CACCIATORE, complaining of the Defendant, THE DAVID ROUND COMPANY, an Ohio
corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of
THE DAVID ROUND COMPANY, an Ohio corporation, and states as follows:

1.      That the Plaintiff, CHARLES H. STENGER, is a citizen of the State of Illinois.

2.      That at all times relevant hereto, the Defendant, THE DAVID ROUND
COMPANY, an Ohio corporation, was duly authorized under the laws of the State of Ohio and
engaged in interstate commerce and was doing business in the State of Illinois, including
substantial business in the County of Winnebago, and held itself out to the public to be in the
business of designing, manufacturing, distributing and selling, among other products, floor
cranes, and placed same into the stream of commerce and maintained a registered agent and
office in the City of Solon, County of Cuyahoga and State of Ohio.

3.     That at all times relevant hereto, the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, was duly authorized under the laws of the State of Ohio and engaged in interstate commerce and was doing business in the State of Illinois, including substantial business in the County of Winnebago, and held itself out to the public to be in the business of designing, manufacturing, distributing and selling, among other products, floor cranes, and placed same into the stream of commerce and maintained a registered agent and office in the City of Solon, County of Cuyahoga and State of Ohio.

4.     That this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332(a), on the ground that the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

5.     That the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, sold a new Ruger ERO-2015 floor crane, serial number 80227, to GE Aviation Systems LLC, which the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, had designed, manufactured and distributed for sale.

6.     That on or about February 24, 2010, at approximately 10:00 a.m., the Plaintiff, CHARLES H. STENGER, along with another co-worker, was attempting to move the Ruger ERO-2015 floor crane from one area to another area, while working at GE Aviation Systems LLC, located in the City of Loves Park, County of Winnebago and State of Illinois, when the floor crane tipped over and pinned the right foot and leg of the Plaintiff, CHARLES H. STENGER, underneath the crane.

7.     That at said time and place and at all times relevant hereto, the Plaintiff, CHARLES H. STENGER, was in the exercise of ordinary care for his own safety.

2

8.    That at said time and place, and at the time said Ruger ERO-2015 floor crane left the control of the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, a manufacturing defect and defective condition existed in the counterbalance weight of the crane, among other areas, which rendered the aforementioned Ruger ERO-2015 floor crane in an unreasonably dangerous condition at the time said floor crane left the control of the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, for its intended use, in one of more of the following respects:

a)    Failed to properly test for a manufacturing defect in the counterweight of the Ruger ERO-2015 floor crane, serial number 80227, to prevent the floor crane from becoming unstable and tipping over, when Defendants knew or should have known that said defective counterweight, and other defects, could cause the floor crane to tip over when being moved when the boom was not in use, creating a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

b)    Failed to inspect and test the Ruger ERO-2015 floor crane, serial number 80227, to ensure that the floor crane would not become unstable and tip over, when Defendants knew or should have known that said failure to inspect and test the floor crane could result in the floor crane tipping over when being moved when the boom was not in use, creating a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

c)    Failed to repair or correct the defective counterweight of the Ruger ERO-2015 floor crane, serial number 80227, to prevent the floor crane from becoming unstable and tipping over, when Defendants knew or should have known that failing to repair or correct said defective counterweight, and other defects, could cause the floor crane to tip over when being moved when the boom was not in use, creating a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

d)    Failed to warn customers and users of the Ruger ERO-2015 floor crane, serial number 80227, of manufacturing defects in the counterweight of the floor crane,

3

to prevent customers and users of the floor crane, including the Plaintiff, CHARLES H. STENGER, from becoming injured if the floor crane became unstable and tipped over, when Defendants knew or should have known that failing to warn of the defective counterweight and the propensity of the floor crane to tip over when the boom was not being used, created a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

9.      That as a direct and proximate result of one or more of the unreasonably dangerous and defective conditions that existed when the Ruger ERO-2015 floor crane left the control of the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, and was sold to GE Aviation Systems LLC, the counterbalance weight of the crane, among other defects, exceeded the weight needed to prevent the floor crane from becoming unstable when the boom was not in use, causing the floor crane to tip over while being moved from one location to another, pinning the right leg and foot of the Plaintiff, CHARLES H. STENGER, underneath the floor crane, directly injuring the Plaintiff, CHARLES H. STENGER, thereby; that the Plaintiff, CHARLES H. STENGER, sustained permanent and disabling injuries, both internal and external; that among the injuries he so sustained, he sustained a displaced right hallux proximal phalanx fracture, right second metatarsal neck fracture and right third metatarsal neck fracture, which required open and closed surgical reduction, physical therapy, rehabilitation and medical treatment; that he incurred and will incur large sums for hospital expenses and medical expenses; that he endured and will endure great pain and suffering; that he endured and will endure great mental and emotional anguish; that he lost and will lose time and wages from his employment; that he sustained a permanent disability; that Plaintiff was otherwise permanently injured, all to Plaintiff's damage, in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, together with the costs of this action.

WHEREFORE, the Plaintiff, CHARLES H. STENGER, prays judgment against the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant,

RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, in excess of the sum of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, together with the costs of this action.

COUNT II

STRICT LIABILITY IN TORT<br>DESIGN DEFECT

NOW COMES the Plaintiff, CHARLES H. STENGER, by his attorney, WILLIAM T. CACCIATORE, complaining of the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, and states as follows:

1.    That the Plaintiff, CHARLES H. STENGER, is a citizen of the State of Illinois.

2.    That at all times relevant hereto, the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, was duly authorized under the laws of the State of Ohio and engaged in interstate commerce and was doing business in the State of Illinois, including substantial business in the County of Winnebago, and held itself out to the public to be in the business of designing, manufacturing, distributing and selling, among other products, floor cranes, and placed same into the stream of commerce and maintained a registered agent and office in the City of Solon, County of Cuyahoga and State of Ohio.

3.    That at all times relevant hereto, the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, was duly authorized under the laws of the State of Ohio and engaged in interstate commerce and was doing business in the State of Illinois, including substantial business in the County of Winnebago, and held itself out to the public to be in the business of designing, manufacturing, distributing and selling, among other products, floor cranes, and placed same into the stream of

5

commerce and maintained a registered agent and office in the City of Solon, County of Cuyahoga and State of Ohio.

      4.      That this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332(a), on the ground that the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

      5.      That the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, sold a new Ruger ERO-2015 floor crane, serial number 80227, to GE Aviation Systems LLC, which the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, had designed, manufactured and distributed for sale.

      6.      That on or about February 24, 2010, at approximately 10:00 a.m., the Plaintiff, CHARLES H. STENGER, along with another co-worker, was attempting to move the Ruger ERO-2015 floor crane from one area to another area, while working at GE Aviation Systems LLC, located in the City of Loves Park, County of Winnebago and State of Illinois, when the floor crane tipped over and pinned the right foot and leg of the Plaintiff, CHARLES H. STENGER, underneath the crane.

      7.      That at said time and place and at all times relevant hereto, the Plaintiff, CHARLES H. STENGER, was in the exercise of ordinary care for his own safety.

      8.      That at said time and place, and at the time said Ruger ERO-2015 floor crane left the control of the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, a design defect and defective condition existed in the counterbalance weight of the crane, among other areas, which rendered the aforementioned ERO-2015 floor crane in an unreasonably dangerous condition at the time said floor crane left

6

the control of the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, for its intended use, in one of more of the following respects:

a) Failed to design the counterweight of the Ruger ERO-2015 floor crane, serial number 80227, to prevent the floor crane from becoming unstable and tipping over, when Defendants knew or should have known that said defective design of the counterweight, and other design defects, could cause the floor crane to tip over when being moved when the boom was not in use, creating a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

b) Failed to inspect and test the Ruger ERO-2015 floor crane, serial number 80227, for design defects to ensure that the floor crane would not become unstable and tip over, when Defendants knew or should have known that said failure to inspect and test the floor crane could result in the floor crane tipping over when being moved when the boom was not in use, creating a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

c) Failed to repair or correct the defective design of the counterweight of the Ruger ERO-2015 floor crane, serial number 80227, to prevent the floor crane from becoming unstable and tipping over, when Defendants knew or should have known that failing to repair or correct said defective design of the counterweight, and other defects, could cause the floor crane to tip over when being moved when the boom was not in use, creating a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

d) Failed to warn customers and users of the Ruger ERO-2015 floor crane, serial number 80227, of design defects in the counterweight of the floor crane, to prevent customers and users of the floor crane, including the Plaintiff, CHARLES H. STENGER, from becoming injured if the floor crane became unstable and tipped over, when Defendants knew or should have known that failing to warn of the defective design of the counterweight and the propensity of the floor crane to tip over when the boom was not being used, created a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

9.     That as a direct and proximate result of one or more of the unreasonably dangerous and defective design conditions that existed when the Ruger ERO-2015 floor crane left the control of the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, and was sold to GE Aviation Systems LLC, the counterbalance weight of the crane, among other defects, exceeded the weight needed to prevent the floor crane from becoming unstable when the boom was not in use, causing the floor crane to tip over while being moved from one location to another, pinning the right leg and foot of the Plaintiff, CHARLES H. STENGER, underneath the floor crane, directly injuring the Plaintiff, CHARLES H. STENGER, thereby; that the Plaintiff, CHARLES H. STENGER, sustained permanent and disabling injuries, both internal and external; that among the injuries he so sustained, he sustained a displaced right hallux proximal phalanx fracture, right second metatarsal neck fracture and right third metatarsal neck fracture, which required open and closed surgical reduction, physical therapy, rehabilitation and medical treatment; that he incurred and will incur large sums for hospital expenses and medical expenses; that he endured and will endure great pain and suffering; that he endured and will endure great mental and emotional anguish; that he lost and will lose time and wages from his employment; that he sustained a permanent disability; that Plaintiff was otherwise permanently injured, all to Plaintiff's damage, in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, together with the costs of this action.

WHEREFORE, the Plaintiff, CHARLES H. STENGER, prays judgment against the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, in excess of the sum of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, together with the costs of this action.

8

<u>COUNT III</u>

STRICT LIABILITY IN TORT
FAILURE TO WARN

NOW COMES the Plaintiff, CHARLES H. STENGER, by his attorney, WILLIAM T. CACCIATORE, complaining of the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, and states as follows:

1.      That the Plaintiff, CHARLES H. STENGER, is a citizen of the State of Illinois.

2.      That at all times relevant hereto, the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, was duly authorized under the laws of the State of Ohio and engaged in interstate commerce and was doing business in the State of Illinois, including substantial business in the County of Winnebago, and held itself out to the public to be in the business of designing, manufacturing, distributing and selling, among other products, floor cranes, and placed same into the stream of commerce and maintained a registered agent and office in the City of Solon, County of Cuyahoga and State of Ohio.

3.      That at all times relevant hereto, the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, was duly authorized under the laws of the State of Ohio and engaged in interstate commerce and was doing business in the State of Illinois, including substantial business in the County of Winnebago, and held itself out to the public to be in the business of designing, manufacturing, distributing and selling, among other products, floor cranes, and placed same into the stream of commerce and maintained a registered agent and office in the City of Solon, County of Cuyahoga and State of Ohio.

4.      That this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332(a), on the ground that the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is

9

between citizens of different states.

  5. That the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, sold a new Ruger ERO-2015 floor crane, serial number 80227, to GE Aviation Systems LLC, which the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, had designed, manufactured and distributed for sale.

  6. That on or about February 24, 2010, at approximately 10:00 a.m., the Plaintiff, CHARLES H. STENGER, along with another co-worker, was attempting to move the Ruger ERO-2015 floor crane from one area to another area, while working at GE Aviation Systems LLC, located in the City of Loves Park, County of Winnebago and State of Illinois, when the floor crane tipped over and pinned the right foot and leg of the Plaintiff, CHARLES H. STENGER, underneath the crane.

  7. That at said time and place and at all times relevant hereto, the Plaintiff, CHARLES H. STENGER, was in the exercise of ordinary care for his own safety.

  8. That at said time and place, and at the time said Ruger ERO-2015 floor crane left the control of the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, a defect and defective condition existed in the counterbalance weight of the crane, among other areas, which rendered the aforementioned ERO-2015 floor crane in an unreasonably dangerous condition at the time said floor crane left the control of the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, for its intended use, in one of more of the following respects:

a) Failed to warn customers and users of the Ruger ERO-2015 floor crane, serial number 80227, of a manufacturing defect in the counterweight of the floor crane, which could cause the floor crane to become unstable and tip over, when Defendants knew or should have known that failing to warn of the manufacturing defect in the counterweight of the floor crane, and other defects, could cause the floor crane to tip over when being moved when the boom was not in use, creating a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

b) Failed to warn customers and users of the Ruger ERO-2015 floor crane, serial number 80227, of a design defect in the counterweight of the floor crane, which could cause the floor crane to become unstable and tip over, when Defendants knew or should have known that failing to warn of the design defect in the counterweight of the floor crane, and other defects, could cause the floor crane to tip over when being moved when the boom was not in use, creating a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

c) Failed to warn customers and users of the Ruger ERO-2015 floor crane, serial number 80227, not to move the floor crane when the boom was not being used, when Defendants knew or should have known that the counterweight of the floor crane exceeded the weight needed to prevent the floor crane from becoming unstable when the boom was not in use, causing the floor crane to tip over while being moved from one location to another, and that failing to warn customers and users of the floor crane not to move it while the boom was not in use created a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

9. That as a direct and proximate result of one or more of the unreasonably dangerous and defective conditions that existed when the Ruger ERO-2015 floor crane left the control of the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, and was sold to GE Aviation Systems LLC, the counterbalance weight of the crane, among other defects, exceeded the weight needed to prevent the floor crane from becoming unstable when the boom was not in use, causing the floor crane to tip over while being moved from one location to another, pinning the right leg and foot of the Plaintiff, CHARLES H. STENGER, underneath the floor crane, directly injuring the Plaintiff, CHARLES H. STENGER, thereby; that the Plaintiff, CHARLES H. STENGER, sustained

permanent and disabling injuries, both internal and external; that among the injuries he so sustained, he sustained a displaced right hallux proximal phalanx fracture, right second metatarsal neck fracture and right third metatarsal neck fracture, which required open and closed surgical reduction, physical therapy, rehabilitation and medical treatment; that he incurred and will incur large sums for hospital expenses and medical expenses; that he endured and will endure great pain and suffering; that he endured and will endure great mental and emotional anguish; that he lost and will lose time and wages from his employment; that he sustained a permanent disability; that Plaintiff was otherwise permanently injured, all to Plaintiff's damage, in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, together with the costs of this action.

WHEREFORE, the Plaintiff, CHARLES H. STENGER, prays judgment against the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, in excess of the sum of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, together with the costs of this action.

COUNT IV

NEGLIGENCE

NOW COMES the Plaintiff, CHARLES H. STENGER, by his attorney, WILLIAM T. CACCIATORE, complaining of the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, and states as follows:

1.     That the Plaintiff, CHARLES H. STENGER, is a citizen of the State of Illinois.

2.     That at all times relevant hereto, the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, was duly authorized under the laws of the State of Ohio and

12

engaged in interstate commerce and was doing business in the State of Illinois, including substantial business in the County of Winnebago, and held itself out to the public to be in the business of designing, manufacturing, distributing and selling, among other products, floor cranes, and placed same into the stream of commerce and maintained a registered agent and office in the City of Solon, County of Cuyahoga and State of Ohio.

3. That at all times relevant hereto, the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, was duly authorized under the laws of the State of Ohio and engaged in interstate commerce and was doing business in the State of Illinois, including substantial business in the County of Winnebago, and held itself out to the public to be in the business of designing, manufacturing, distributing and selling, among other products, floor cranes, and placed same into the stream of commerce and maintained a registered agent and office in the City of Solon, County of Cuyahoga and State of Ohio.

4. That this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332(a), on the ground that the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

5. That the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, sold a new Ruger ERO-2015 floor crane, serial number 80227, to GE Aviation Systems LLC, which the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, had designed, manufactured and distributed for sale.

6. That on or about February 24, 2010, at approximately 10:00 a.m., the Plaintiff, CHARLES H. STENGER, along with another co-worker, was attempting to move the Ruger ERO-2015 floor crane from one area to another area, while working at GE Aviation Systems

13

LLC, located in the City of Loves Park, County of Winnebago and State of Illinois, when the floor crane tipped over and pinned the right foot and leg of the Plaintiff, CHARLES H. STENGER, underneath the crane.

7.    That at said time and place and at all times relevant hereto, the Plaintiff, CHARLES H. STENGER, was in the exercise of ordinary care for his own safety.

8.    That at said time and place, the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, by and through its agents, servants and employees, and each of them, committed one of more of the following negligent acts or omissions:

a)    Failed to properly test for a manufacturing defect in the counterweight of the Ruger ERO-2015 floor crane, serial number 80227, to prevent the floor crane from becoming unstable and tipping over, when Defendants knew or should have known that said defective counterweight, and other defects, could cause the floor crane to tip over when being moved when the boom was not in use, creating a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

b)    Failed to inspect and test the Ruger ERO-2015 floor crane, serial number 80227, to ensure that the floor crane would not become unstable and tip over, when Defendants knew or should have known that said failure to inspect and test the floor crane could result in the floor crane tipping over when being moved when the boom was not in use, creating a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

c)    Failed to repair or correct the defective counterweight of the Ruger ERO-2015 floor crane, serial number 80227, to prevent the floor crane from becoming unstable and tipping over, when Defendants knew or should have known that failing to repair or correct said defective counterweight, and other defects, could cause the floor crane to tip over when being moved when the boom was not in use, creating a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

d)    Failed to warn customers and users of the Ruger ERO-2015 floor crane, serial number 80227, of manufacturing defects in the counterweight of the floor crane, to prevent customers and users of the floor crane, including the Plaintiff,

14

CHARLES H. STENGER, from becoming injured if the floor crane became unstable and tipped over, when Defendants knew or should have known that failing to warn of the defective counterweight and the propensity of the floor crane to tip over when the boom was not being used, created a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

e)     Failed to design the counterweight of the Ruger ERO-2015 floor crane, serial number 80227, to prevent the floor crane from becoming unstable and tipping over, when Defendants knew or should have known that said defective design of the counterweight, and other design defects, could cause the floor crane to tip over when being moved when the boom was not in use, creating a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

f)     Failed to inspect and test the Ruger ERO-2015 floor crane, serial number 80227, for design defects to ensure that the floor crane would not become unstable and tip over, when Defendants knew or should have known that said failure to inspect and test the floor crane could result in the floor crane tipping over when being moved when the boom was not in use, creating a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

g)     Failed to repair or correct the defective design of the counterweight of the Ruger ERO-2015 floor crane, serial number 80227, to prevent the floor crane from becoming unstable and tipping over, when Defendants knew or should have known that failing to repair or correct said defective design of the counterweight, and other defects, could cause the floor crane to tip over when being moved when the boom was not in use, creating a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

h)     Failed to warn customers and users of the Ruger ERO-2015 floor crane, serial number 80227, of design defects in the counterweight of the floor crane, to prevent customers and users of the floor crane, including the Plaintiff, CHARLES H. STENGER, from becoming injured if the floor crane became unstable and tipped over, when Defendants knew or should have known that failing to warn of the defective design of the counterweight and the propensity of the floor crane to tip over when the boom was not being used, created a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

i)     Failed to warn customers and users of the Ruger ERO-2015 floor crane, serial number 80227, of a manufacturing defect in the counterweight of the floor crane, which could cause the floor crane to become unstable and tip over, when Defendants knew or should have known that failing to warn of the manufacturing

15

defect in the counterweight of the floor crane, and other defects, could cause the floor crane to tip over when being moved when the boom was not in use, creating a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

j)     Failed to warn customers and users of the Ruger ERO-2015 floor crane, serial number 80227, of a design defect in the counterweight of the floor crane, which could cause the floor crane to become unstable and tip over, when Defendants knew or should have known that failing to warn of the design defect in the counterweight of the floor crane, and other defects, could cause the floor crane to tip over when being moved when the boom was not in use, creating a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

k)     Failed to warn customers and users of the Ruger ERO-2015 floor crane, serial number 80227, not to move the floor crane when the boom was not being used, when Defendants knew or should have known that the counterweight of the floor crane exceeded the weight needed to prevent the floor crane from becoming unstable when the boom was not in use, causing the floor crane to tip over while being moved from one location to another, and that failing to warn customers and users of the floor crane not to move it while the boom was not in use created a dangerous and hazardous condition to persons standing near or moving the floor crane, including the Plaintiff, CHARLES H. STENGER.

9.     That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, the Ruger ERO-2015 floor crane that was sold to GE Aviation Systems LLC, was improperly counterbalanced and exceeded the weight needed to prevent the floor crane from becoming unstable when the boom was not in use, causing the floor crane to tip over while being moved from one location to another, pinning the right leg and foot of the Plaintiff, CHARLES H. STENGER, underneath the floor crane, directly injuring the Plaintiff, CHARLES H. STENGER, thereby; that the Plaintiff, CHARLES H. STENGER, sustained permanent and disabling injuries, both internal and external; that among the injuries he so sustained, he sustained a displaced right hallux proximal phalanx fracture, right second metatarsal neck fracture and right third metatarsal neck fracture, which required open and closed surgical reduction, physical therapy, rehabilitation and medical treatment; that he incurred

16

and will incur large sums for hospital expenses and medical expenses; that he endured and will endure great pain and suffering; that he endured and will endure great mental and emotional anguish; that he lost and will lose time and wages from his employment; that he sustained a permanent disability; that Plaintiff was otherwise permanently injured, all to Plaintiff's damage, in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, together with the costs of this action.

WHEREFORE, the Plaintiff, CHARLES H. STENGER, prays judgment against the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, in excess of the sum of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, together with the costs of this action.

COUNT V

STRICT LIABILITY IN TORT
RES IPSA LOQUITUR

NOW COMES the Plaintiff, CHARLES H. STENGER, by his attorney, WILLIAM T. CACCIATORE, complaining of the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, and states as follows:

1.    That the Plaintiff, CHARLES H. STENGER, is a citizen of the State of Illinois.

2.    That at all times relevant hereto, the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, was duly authorized under the laws of the State of Ohio and engaged in interstate commerce and was doing business in the State of Illinois, including substantial business in the County of Winnebago, and held itself out to the public to be in the

17

business of designing, manufacturing, distributing and selling, among other products, floor cranes, and placed same into the stream of commerce and maintained a registered agent and office in the City of Solon, County of Cuyahoga and State of Ohio.

3.     That at all times relevant hereto, the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, was duly authorized under the laws of the State of Ohio and engaged in interstate commerce and was doing business in the State of Illinois, including substantial business in the County of Winnebago, and held itself out to the public to be in the business of designing, manufacturing, distributing and selling, among other products, floor cranes, and placed same into the stream of commerce and maintained a registered agent and office in the City of Solon, County of Cuyahoga and State of Ohio.

4.     That this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332(a), on the ground that the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

5.     That the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, sold a new Ruger ERO-2015 floor crane, serial number 80227, to GE Aviation Systems LLC, which the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, had designed, manufactured and distributed for sale.

6.     That on or about February 24, 2010, at approximately 10:00 a.m., the Plaintiff, CHARLES H. STENGER, along with another co-worker, was attempting to move the Ruger ERO-2015 floor crane, serial number 80227, from one area to another area, while working at GE Aviation Systems LLC, located in the City of Loves Park, County of Winnebago and State of Illinois, when the floor crane tipped over and pinned the right foot and leg of the Plaintiff,

18

CHARLES H. STENGER, underneath the crane.

7.     That the Ruger ERO-2015 floor crane, serial number 80227, designed, manufactured, distributed and sold by the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, would not have tipped over while being moved and pinned the right leg and foot of the Plaintiff, CHARLES H. STENGER, in the absence of negligence, rendering the product unreasonably dangerous when it left the control of the manufacturer.

8.     That the Ruger ERO-2015 floor crane, serial number 80227, which was sold to GE Aviation Systems LLC, by the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, was under the exclusive control and management of the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, until the date of purchase.

9.     That at said time and place and at all times relevant hereto, the Plaintiff, CHARLES H. STENGER, was in the exercise of ordinary care for his own safety, and did not commit any voluntary act or neglect contributing to the Ruger ERO-2015 floor crane, serial number 80227, tipping over and pinning the right leg and foot of the Plaintiff.

10.     That as a direct and proximate result of the improper counterbalance weight of the Ruger ERO-2015 floor crane and other defects that existed in the floor crane when it left the control of the manufacturer, the floor crane was caused to tip over and pin the right leg and foot of the Plaintiff, CHARLES H. STENGER, who was attempting to move the floor crane, with the assistance of a co-worker, which would not have occurred in the absence of a defective product and the negligence of the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, directly injuring the Plaintiff, CHARLES

H. STENGER, thereby; that the Plaintiff, CHARLES H. STENGER, sustained permanent and disabling injuries, both internal and external; that included, among the injuries he so sustained, a displaced right hallux proximal phalanx fracture, right second metatarsal neck fracture and right third metatarsal neck fracture, which required open and closed surgical reduction, physical therapy, rehabilitation and medical treatment; that he incurred and will incur large sums for hospital expenses and medical expenses; that he endured and will endure great pain and suffering; that he endured and will endure great mental and emotional anguish; that he lost and will lose time and wages from his employment; that he sustained a permanent disability; that Plaintiff was otherwise permanently injured, all to Plaintiff's damage, in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, together with the costs of this action.

WHEREFORE, the Plaintiff, CHARLES H. STENGER, prays judgment against the Defendant, THE DAVID ROUND COMPANY, an Ohio corporation, and the Defendant, RUGER INDUSTRIES, INC., an Ohio corporation, a division of THE DAVID ROUND COMPANY, an Ohio corporation, in excess of the sum of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, together with the costs of this action.

CHARLES H. STENGER, Plaintiff,

BY: _William T. Cacciatore_

WILLIAM T. CACCIATORE
His Attorney

20

## JURY DEMAND

Plaintiff hereby demands trial by a jury of twelve on all issues so triable herein.

CHARLES H. STENGER, Plaintiff,

BY: _____
WILLIAM T. CACCIATORE
His Attorney

WILLIAM T. CACCIATORE
Attorney for Plaintiff
321 W. State St., Suite 900
Rockford, IL 61101
(815) 965-7500

## JURY DEMAND

In the United States District Court for the Northern District of Illinois, Western Division

CHARLES H. STENGER,           )
                                        )
           Plaintiff,         )
                                          )
            vs.               )     CASE NO.
                                          )
THE DAVID ROUND COMPANY, an   )
Ohio corporation, and RUGER         )
INDUSTRIES, INC., an Ohio corporation,  )
a division of THE DAVID ROUND     )
COMPANY, an Ohio corporation,     )
                                          )
           Defendants.     )

The Plaintiff in the above entitled cause demands a jury for the trial of said cause.

CHARLES H. STENGER, Plaintiff,

BY: _____
          WILLIAM T. CACCIATORE
          His Attorney

WILLIAM T. CACCIATORE
Attorney for Plaintiff
321 W. State St., Suite 900
Rockford, IL 61101
(815) 965-7500